# In re CHICAGO REED & FURNITURE CO.
## LEVIN v. JOHNSON.

(Circuit Court of Appeals, Seventh Circuit.
May 29, 1925. Rehearing Denied
October 1, 1925.)

No. 3532.

1. Specific performance ⟨⇒⟩51—Court of equity will not lend its aid to enforce contracts which shock conscience.

A court of equity will not lend its aid to enforce contracts which on their face are so manifestly harsh and oppressive as to shock the conscience.

2. Bankruptcy ⟨⇒⟩11—Principles of equity prevail in bankruptcy court.

Principles of equity prevail in bankruptcy court.

3. Bankruptcy ⟨⇒⟩324—Agreement under which secured loan was advanced held harsh and oppressive, justifying order disallowing that part of loan which represented so-called commission.

Where petitioner's loan of $1,700 to a corporation, made for himself and not as broker, was amply secured by a chattel mortgage, the agreement under which the loan was given providing for a return of $2,000 in 12 monthly installments, in the form of notes bearing 7 per cent. interest from date, thus netting a return of over 40 per cent. per annum, *held* harsh and oppressive, justifying order of District Court in bankruptcy of corporation, disallowing $300, regardless of whether or not Illinois General Corporation Act 1919 (Laws 1919, p. 318) § 6, subd. 7, repealed pro tanto state usury laws.

Petition to Review and Revise Order of the District Court of the United States for the Eastern Division of the Northern District of Illinois.

In the matter of Chicago Reed & Furniture Company, bankrupt. Petition by Samuel C. Levin to revise an order of the District Court disallowing part of petitioner's secured claim against the bankrupt, opposed by E. H. Johnson, trustee. Order affirmed.

John C. Slade and Robert L. Huttner, both of Chicago, Ill., for petitioner.

Archie Schimberg, of Chicago, Ill., for respondent.

Before ALSCHULER, EVANS, and ANDERSON, Circuit Judges.

ALSCHULER, Circuit Judge. Petition to revise order of court in bankruptcy disallowing part of petitioner's secured claim.

[1-3] Petitioner had loaned bankrupt, an Illinois corporation, $1,700 on chattel mortgage security, bankrupt giving his 12 notes of same date, of substantially equal amounts, aggregating $2,000, the first payable one month after its date, and the others at inter-

vals of one month thereafter, all with interest from date at rate of 7 per cent. per annum, payable monthly. The petitioner states that the $300 of notes in excess of the $1,700 which bankrupt received on the loan was his commission for making the loan. After the bankruptcy, petitioner demanded of the trustee the mortgaged property, which, pending the litigation, was ordered sold, the proceeds to be subject to petitioner's right therein. On the hearing the court allowed petitioner's secured claim for the full amount, except the $300 represented by the so-called commission. Petitioner complains that this part of his claim was improperly disallowed.

It is conceded that the $300 must be regarded as compensation to petitioner for the use of the money, and that but for paragraph 7 of section 6 of the General Corporation Act of Illinois, approved June 28, 1919 (Laws 1919, p. 318), the Illinois usury laws would have prevented recovery of the amount in question. Petitioner maintains, and respondent denies, that the paragraph referred to permits Illinois corporations to make valid loans at any rate of interest for which they see fit to contract. The paragraph mentioned provides that corporations shall have power "to borrow money at such rate of interest as the corporation may determine, without regard to or restrictions under any usury law of this state, and to mortgage or pledge its property, both real and personal, to secure the payment thereof."

To what extent, if at all, this has enabled corporations lawfully to bind themselves to pay interest on loans at rates beyond the theretofore statutory maximum has not to our knowledge been decided by the Illinois courts. But in our view of the case this question is not of necessity here involved. The later statute may or may not have repealed pro tanto the usury law of the state, but it did not abrogate the rule that courts of equity will not lend their aid to enforce contracts which upon their face are so manifestly harsh and oppressive as to shock the conscience. 39 Cyc. 891.

Petitioner was in no sense a broker, not even advancing the money himself, with the view of ultimately placing the loan with others, but was just loaning the money for himself. No question of innocent holder is involved. The security was ample, as witness the quite unusual circumstance of the realization, upon sale of the security, of more than petitioner's entire claim. Yet petitioner's contracted compensation for this loan—be it called commission, interest, or

what not—exceeds the rate of well over 40 per cent. per annum. This on its face we consider so glaringly and obviously harsh and oppressive that the bankruptcy court, wherein the principles of equity prevail, will not aid petitioner to enforce it.

The order under review being in consonance with equity and good conscience, its revision is denied, and the order is affirmed.